# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROSA HAUSER,

    Plaintiff,

    vs.                                                  No. CIV 99-0882 JC/RLP

DR. HARRY HAYES, individually and in his official
capacity as Superintendent of the City of Bloomfield
Schools, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants Hayes, Cromartie and Bloomfield Municipal Schools' Motion to Dismiss filed October 21, 1999 *(Doc. 16)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion to Dismiss is well taken and will be granted.

**I.**     **Factual Background**

Plaintiff suffers from degenerative arthritis and has a state issued handicapped parking placard which allows her to utilize specially marked parking spaces. Plaintiff parked her car in such a parking space at Bloomfield High School on February 24, 1998 where she intended to attend a school concert held in conjunction with the City of Bloomfield. After exiting her car, Plaintiff was assaulted by unknown assailants who attempted to take her purse. Plaintiff claims the assault was the result of inadequate lighting, inadequate security and inadequate telephonic communications at the high school. Plaintiff brings suit under the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1, *et seq.* ("TCA"), against the

high school and its principal and superintendent ("School Defendants"), and the City of Bloomfield and its Mayor ("City Defendants"). Now, School Defendants seek dismissal of Plaintiff's claims under FED. R. CIV. P. 12(b)(6) for failure to state a claim under which relief can be granted.

## II. <u>Analysis</u>

### A. Standard

In considering a motion to dismiss under Rule 12(b)(6), the pleadings must be liberally construed, all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Therefore, for the purposes of this motion, the Court accepts all well-pleaded factual allegations of Plaintiff's claims as true and construes them in favor of Plaintiff. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton* at 1236 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).[1]

---

[1] In her response to Defendants' Motion to Dismiss, Plaintiff included evidence outside the pleadings to establish that she is disabled under the ADA. *See* Plaintiff's Response to Defendants Hayes, Cromartie and Bloomfield Municipal Schools' Memorandum of Law in Support of Motion to Dismiss filed October 21, 1999 *(Doc. 19)*. Rule 12(b) provides that if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss. However, because the court assumes for the purposes of this motion that Plaintiff is indeed disabled, the evidence is not necessary to the disposition of this motion. Therefore, the included evidence does not render Defendants' motion subject to the summary judgement standard.

**B. Discussion**

    **1.** *Plaintiff's claims under the ADA.*

Title II of the ADA requires public entities to ensure that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities" provided by the entities. 42 U.S.C. § 12132. To prove that a public entity has violated Title II of the ADA, Plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the Plaintiff's disability. *See Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999) (citing *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.), *cert. denied*, 118 S. Ct. 423 (1997)). Assuming for the purposes of this analysis that Plaintiff can prove she is a qualified individual with a disability and was denied the opportunity to see a concert sponsored by a public entity, the critical issue becomes whether the exclusion from attending the concert was a result of Plaintiff's disability.

Upon enactment of the ADA, Congress directed the Department of Justice to develop regulations to implement the public services provisions of Title II. *See* 42 U.S.C. § 12134(a). In accordance with Congress' mandate, the Department of Justice developed regulations requiring that where parking is provided for public buildings, a certain number of parking spaces on "the shortest accessible route of travel from adjacent parking to an accessible entrance" must be specially designated for people with disabilities. 28 C.F.R. Ch.1, pt. 36, App. A § 4.6.2 (Accessibility Guidelines for Buildings and Facilities) (commonly known as "handicapped parking"). Plaintiff does

not dispute that handicapped parking was available. In fact, the assault occurred just after she exited her car which was parked in a handicapped parking space. Instead, Plaintiff asserts that there was inadequate lighting, security and telephone communication capabilities available for those using handicapped parking. However, the regulations make no mention of lighting requirements or security requirements, and the only reference to telephones requires that public telephones be accessible to the disabled. *See id.* at § 4.31 (requiring public telephones be physically accessible by disabled people by having room for wheelchair bound citizens and being hearing aid compatible, for example). Thus, Defendants have complied with the building and accessibility guidelines of the ADA. Nevertheless, Plaintiff claims that because of the inadequate lighting and security, she was assaulted and thereafter unable to attend the concert.

The ADA was created to eliminate discrimination against persons with disabilities. *See* 42 U.S.C. § 12101(b). However, the purpose of the ADA is not to give those with disabilities an unfair advantage, but to place them on equal footing. *See Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1996) (finding that a disabled individual, who was not a county employee, was not entitled to park in the employee lot since she had access to other lots with disabled parking, and since parking in the disputed lot would not be available to her even were she not disabled). Unfortunately, Plaintiff was the victim of an assault. Plaintiff fails to demonstrate how this implicates the ADA. The assault could have happened to anyone in the parking lot, disabled or not. Defendant complied with the regulations established by the Department of Justice for building accessibility under the ADA, and Plaintiff took advantage of these accommodations by parking in a space designated "handicapped." That Plaintiff was unable to attend the concert was the result of the assault, not the result of any action or inaction of the defendants prohibited by the ADA. Even if Plaintiff was ultimately able to

prove every fact asserted in her complaint, as a matter of law, Plaintiff could not sustain the charges she brings against any of the defendants under the ADA because there has been no discrimination by reason of her disability. Therefore, the Motion to Dismiss is well taken and the ADA claims will be dismissed in their entirety.

### 2. *Plaintiff's Claims under the TCA.*

The basis for federal court jurisdiction in this case is subject matter jurisdiction arising from Plaintiff's claims under the ADA. However, having dismissed the ADA claims, I must determine whether to retain supplemental jurisdiction over any remaining state law claims brought pursuant to the TCA.

When a federal district court has original jurisdiction over a matter, the court also has supplemental jurisdiction over any state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a federal district court may decline to exercise supplemental jurisdiction over a state law claim when the federal claim that formed the basis for the district court's supplemental jurisdiction has been dismissed. *See* 28 U.S.C. § 1367(c)(3). The decision whether to exercise supplemental jurisdiction over the state law claim after the federal claim has been dismissed is a matter of judicial discretion that takes into consideration comity, judicial efficiency, convenience, and fairness to the litigants. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). "When the balance of these factors [judicial economy, convenience, fairness, and comity] indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction

by dismissing the case without prejudice." *Carnegie-Mellon Univ.*, 484 U.S. at 350-51 (footnote omitted).[2]

The balancing of the *Gibbs* factors dictates that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The federal court proceedings in this case have just begun. The complaint was filed only three months ago. *See* Complaint, filed August 6, 1999 *(Doc. 1)*. There has been no discovery and trial dates remain far in the future. Therefore, judicial economy is not compromised by failure to exercise federal jurisdiction. Because the incident giving rise to Plaintiff's claims occurred on February 24, 1998, there remains time to file state court claims within the two year statute of limitations under the TCA. *See* NMSA 1978, § 41-4-15. Also, comity concerns dictate that a case requiring the application of New Mexico tort law is appropriately a state matter. Finally, the United States District Court for the District of New Mexico is located in Albuquerque, New Mexico, while Plaintiff's injuries occurred in Bloomfield, New Mexico. Consequently, it is more convenient for the parties to try the case closer to the place where the incident occurred. For the foregoing reasons, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Having declined to exercise supplemental jurisdiction, "[t]he proper course of conduct . . . pursuant to 28 U.S.C. § 1367(c) is to dismiss the state law claims without prejudice, in order to

---

[2] *See, e.g., Thatcher Enterprises v. Cache County Corp.*, 902 F. 2d 1472, 1478 (10th Cir. 1990) (affirming dismissal of federal claim and holding district court did not abuse discretion in dismissing pendent state law claim); *see also Albertson's Inc. v. Carrigan*, 982 F. 2d 1478, 1480-83 (10th Cir. 1993) (upholding district court remand to state court based on considerations of efficient use of judicial resources, interests of the parties, and comity, stating "[i]n analogous circumstances, when the district court no longer has a federal claim pending and there is no danger that the statute of limitations will cause loss of a state-based cause of action, this court routinely affirms dismissals of pendent claims."); *compare Transok Pipeline Co. v. Darks*, 565 F. 2d 1150, 1155 (10th Cir. 1977) (holding trial court did not abuse its discretion in retaining supplemental jurisdiction over state claims where proceedings had gone on in federal court for four years and two trials had been completed).

permit them to be brought in state court." *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1311 (10th Cir. 1998). Therefore, Plaintiff's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

Wherefore,

IT IS HEREBY ORDERED that Defendants Hayes, Cromartie and Bloomfield Municipal Schools' Motion to Dismiss, filed October 21, 1999 *(Doc. 16)*, is **granted**.

IT IS FURTHER ORDERED that the ADA claims are dismissed with prejudice, while the state law claims are dismissed without prejudice, thereby terminating this cause of action.

DATED this 16th day of November, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Cosme D. Ripol<br>Farmington, New Mexico |
| Counsel for School Defendants: | Terrance P. Yenson<br>Patrick D. Allen<br>Yenson, Lynn & Allen, P.C.<br>Albuquerque, New Mexico |
| Counsel for City Defendants: | James P. Sullivan<br>Hatcher, Sullivan & Grand, P.A.<br>Santa Fe, New Mexico |